Wu v. Holder

BIA
A089-254-134

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 21st day of August, two thousand thirteen.

PRESENT:
            JON O. NEWMAN,
            JOHN M. WALKER, JR.,
            CHRISTOPHER F. DRONEY,
                *Circuit Judges.*
_____

FENG JUAN WU,
        *Petitioner,*

        v.                                    12-3
                                              NAC

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
        *Respondent.*

_____

FOR PETITIONER:        Yee Ling Poon, New York, New York.

FOR RESPONDENT:        Stuart F. Delery, Acting Assistant
                       Attorney General; Anthony P.
                       Nicastro, Senior Litigation Counsel;
                       Jeffery R. Leist, Attorney, Office
                       of Immigration Litigation, Civil
                       Division, United States Department
                       of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, and DECREED that the petition for review is DENIED.

Feng Juan Wu, a native and citizen of the People's Republic of China, seeks review of a December 8, 2011 order of the BIA denying her motion to reopen. *In re Feng Juan Wu*, No. A089 254 134 (B.I.A. Dec. 8, 2011). We assume the parties' familiarity with the underlying facts and procedural history in this case.

We review the BIA's denial of a motion to reopen for abuse of discretion. *See Kaur v. BIA*, 413 F.3d 232, 233 (2d Cir. 2005) (per curiam). Wu was required to demonstrate to the BIA her *prima facie* eligibility for relief and that the evidence she submitted was material and not previously available. 8 C.F.R. § 1003.2(a), (c)(1); *see INS v. Abudu*, 485 U.S. 94, 104-05 (1988).

The BIA did not abuse its discretion in finding that Wu failed to demonstrate her *prima facie* eligibility. *See Abudu*, 485 U.S. at 104-05. Contrary to Wu's assertion, the BIA explicitly considered the relevant evidence of country conditions and reasonably found that, although religious

2

freedom was limited in China and this limitation sometimes rises to the level of persecution, approximately fifty to one hundred million Christians worship at unregistered house churches throughout China. Thus, while we have held that the BIA has an obligation to consider the "record as a whole," and may abuse its discretion by denying a motion to reopen without addressing "all the factors relevant to [a] petitioner's claim," *Ke Zhen Zhao v. U.S. Dep't of Justice*, 265 F.3d 83, 97 (2d Cir. 2001), the record does not compellingly suggest that the BIA failed to take into account all of the evidence before it.

Moreover, while the background evidence in the record identified incidents of harm to Christians in China, Wu failed to submit any evidence indicating that she, herself, would face harm if she returned to China. *See* 8 C.F.R. § 1208.13(b)(2)(iii) (requiring an alien to provide evidence that there is a "reasonable possibility he or she would be singled out individually for persecution" to demonstrate a well-founded fear of future persecution); *Hongsheng Leng v. Mukasey*, 528 F.3d 135, 143 (2d Cir. 2008) (per curiam) ("[T]o establish a well-founded fear of persecution in the absence of any evidence of past persecution, an alien must

3

make some showing that authorities in his country of nationality are aware of his activities or likely to become aware of his activities."). Accordingly, it was reasonable for the BIA to conclude that Wu's claims were too speculative to merit relief. *See Jian Xing Huang v. INS*, 421 F.3d 125, 128-29 (2d Cir. 2005) (per curiam) (holding that absent support in the record for the petitioner's assertion that he would be subjected to persecution, his fear was "speculative at best").

Finally, as to Wu's assertion that she will suffer persecution by being prohibited from practicing her religion or being forced to practice her religion in secret, she did not exhaust that specific issue before the BIA. Accordingly, we decline to consider it in the first instance. *See Lin Zhong v. U.S. Dep't of Justice*, 480 F.3d 104, 122 (2d Cir. 2007)(reaffirming that this Court "may consider only those issues that formed the basis for [the BIA's] decision").

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in

this petition is DISMISSED as moot.  Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

                                        FOR THE COURT:
                                        Catherine O'Hagan Wolfe, Clerk